THOMAS J. DUNBAR *vs.* BOSTON & PROVIDENCE RAILROAD CORPORATION.

A. B., representing himself as C. D. of P., bought goods of the plaintiff; the goods were marked for C. D. and delivered to the defendants, common carriers, who carried them to P. A. B., who was known to the defendants by his real name, applied for them as the property of C. D., and the defendants delivered them to him on his receipt, but with-out his producing a bill of lading which the defendants had given to the plaintiff, promising to deliver the goods to C. D. or order. There was no C. D. in P. *Held,* that the defendants were not liable to the plaintiff for delivering the goods to A. B.

TORT against common carriers. The first count of the declaration was for negligently losing a quantity of gin and whiskey intrusted to the defendants. The second count was for delivering the liquors to the wrong person. The case was submitted to the judgment of the Superior Court, and, on appeal, of this court on the following agreed facts:

On October 17, 1870, John F. Gorman, a stranger to the plaintiff, representing himself to be John H. Young of Providence in Rhode Island, purchased the liquors of the plaintiff at Boston, on a credit of thirty days. They were marked by his order " John H. Young, Providence, R. I.," were delivered to the defendants to be carried to Providence, were so carried, and were received there and stored in the defendants' freight-house, October 19. The plaintiff, on shipping the liquors, received a bill of lading from the defendants, in which they promised to deliver them at Providence to John H. Young or order; and the plaintiff sent this bill of lading by mail addressed to " John H. Young, Providence, R. I." but the letter containing it remained in the post-office at Providence, until remailed to the plaintiff, November 23.

On October 29, Gorman called at the freight-house in Providence, asked for the liquors as the property of John H. Young, and paid the freight; and the liquors were delivered to him upon his receipt, which he signed " John F. Gorman." Gorman was known to the clerk who delivered the liquors. No person named John H. Young resided or did business at Providence, and no person authorized the purchase of the goods by Gorman in that name. After the delivery of the liquors to Gorman, the plaintiff

demanded them of the defendants. If on these facts the plaintiff was entitled to recover, judgment to be rendered for him for the value of the liquors; otherwise, judgment for the defendants.

*C. S. Lincoln*, for the plaintiff, cited *Stephenson* v. *Hart*, 4 Bing. 476; *Winslow* v. *Vermont & Massachusetts Railroad Co.* 42 Vt. 700; *Gibson* v. *Culver*, 17 Wend. 305; *Schroeder* v. *Hudson River Railroad Co.* 5 Duer, 55, 62; *Hall* v. *Boston & Worcester Railroad Co.* 14 Allen, 439; *Finn* v. *Western Railroad Co.* 102 Mass. 283, 291.

*W. G. Russell*, for the defendants, cited *Heugh* v. *London & Northwestern Railway Co.* L. R. 5 Ex. 51; *M'Kean* v. *M'Iver*, L. R. 6 Ex. 36; *Price* v. *Oswego & Syracuse Railroad Co.* 58 Barb. 599.

CHAPMAN, C. J.   The plaintiff sold the gin and whiskey which are the subject of this action to a person calling himself John H. Young of Providence, and delivered them to the defendants to be carried to the same person in Providence by the same name. As he was the only person in Providence who bore that name, there was no other individual to whom the defendants could deliver the property. A delivery to him would be a performance of the contract. The fact that he was known to the delivery clerk as John F. Gorman, made it necessary for him to conceal from the clerk the fictitious name, and to pretend that he was acting as an agent or servant of John H. Young. He was thus enabled to obtain the property, but by means of this deceit, the property reached the person to whom the plaintiff sold and consigned it. Thus the contract of the defendants was performed in its spirit and letter, and the plaintiff has no cause of action against them.                    *Judgment for the defendants.*