## FULTON BAG & COTTON MILLS v. HUDSON NAVIGATION CO.

(District Court, S. D. New York. December 19, 1907.)

CARRIERS—DELIVERY OF GOODS—GOODS ORDERED UNDER FICTITIOUS NAME.

Where a transportation company delivered goods received for shipment to the person who ordered the same from the shipper, it cannot be held liable to the shipper for their value, although such person may have ordered and received them under a fictitious name.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 306.]

In Admiralty.

McIntire, Shattuck & Glenn, for libellant.

Robinson, Biddle & Benedict, for respondent.

ADAMS, District Judge. This action was brought by the Fulton Bag and Cotton Mills against the Hudson Navigation Company to recover $157.50, the value of 4 bales of burlap bags, shipped by the libellant on the Peoples Line, the popular name of the respondent, on the 10th day of September, 1906, for delivery to C. C. Kellogg in Albany, New York, which it alleges was not delivered as agreed, whereby the libellant suffered the said amount of damages. The respondent admits the receipt of the goods for delivery as aforesaid and alleges that they were duly delivered and for a further defence avers that no claim was made in conformity with the terms of the bill of lading which, inter alia, provided:

"Claims for loss or damage must be made in writing to the agent at point of delivery promptly after the arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

The facts in the case were stipulated and it appears therefrom that the following letter opened the transaction:

"C. C. Kellogg,              Contracting,              Branch at
   Imperial Blk.,               also                   Albany, N. Y.
   Utica, N. Y.             Grain & Feed.
                                                   Utica N. Y. Sept. 6 1906.

The Fulton Bag Co., New York City, N. Y.

Gentlemen: By the return mail, will you please quote us at Albany office your best figures on the following jute bags second hand—

1 M 200 lb Bran Bags
1 M 140 " Export Flour Bags

stating if you are in a position to make us an immediate shipment should we wire you an order from there.

Please take this matter up direct with Albany office.
       Very truly,                                    C. C. Kellogg."

Before the receipt of this letter the libellant had never had any business dealings with any person, firm or corporation of the name of Kellogg in New York State. It ascertained by reference to the current reports of Dun and Bradstreet that a corporation of Charles C. Kellogg & Sons Company of Utica and Albany was an old and well established business concern with a main office at Utica, New York, and a branch office in Albany, New York, with an excellent rating in the commercial

reports of Dun, Bradstreet and various other commercial agencies, and that they were engaged in the business of lumber, cabinet work, sash, door, blind, glass, mantel, turning, etc., and the libellant therefore concluded that the letter of September 6th was a communication from the Charles C. Kellogg of said company.

The libellant thereupon transmitted through the mail the following letter:

"Sept. 7th, 1906.

Mr. C. C. Kellogg, Albany, N. Y.

Dear Sir: At the request of your Utica office, we offer you

1,000 second hand 200 lb. Bran bags at...............................$82.50
1,000    "    "    140 lb. Export Flour bags at...................... 75.00
per thousand
net cash, f. o. b. New York.

We wish to state, that our second hand bags are in first class condition and we make this offer firm for wire reply to reach us to-morrow morning (Saturday).

Yours truly,    Fulton Bag & Cotton Mills."

On the 9th of September the libellant received through the mail the following letter, upon the same heading as that of Exhibit B, supra, viz:

"Albany N. Y. Sept. 8 1906.

The Fulton Bag & Cotton Mills, New York, N. Y.

Gentlemen: We have your quotation as requested from Utica office, and while this seems some high, providing you can make us the shipment of 1000 each of the 200 lb. bran and 140 lb. export bags by the Monday night Peoples Line boat, you may do so. Please bale to take the lowest possible freight rate. Mail invoice direct to Utica, with copy to us here.

Yours truly,    C. C. Kellogg."

In compliance with the letter of September 8th the libellant made out a bill of lading for said goods as follows:

"New York, 9/10/06

By Peoples Line R. R. Co. Via x x x
Consignee C. C. Kellogg
Destination Albany
Marks    N Y    Weight Subject
No   Description of Property    to Correction.
x x x
Four Bales Burlap Bags    2300
x x x"

This bill of lading contained a number of conditions printed on the back which it is not necessary to repeat. It was signed by the respondent and returned to the libellant.

The libellant on the same day sent in the mail addressed to C. C. Kellogg, Utica, N. Y., an invoice dated September 10th, in connection with the bill of lading. The invoice was as follows:

"New York, N. Y. Sep 10 1906

Sold to C. C. Kellogg
10 Days Net    Utica N Y
Terms No Discount  Order received by
1000 Second Hand Bags #6    75.00
1000    "    "    "    #52    82.50
                                _____
                                157.50"

On the 12th of September, the libellant received the following letter, containing the aforesaid Exhibits E and A:

"Utica, N. Y. Sept. 11, 1906.

Fulton Bag & Cotton Mills, New York, N. Y.

Gentlemen: We return herewith invoice and B/L received from you for 2000 bags shipped to Albany. There must be an error somewhere as we have no use for these bags, and can find no record of having order them.

Yours very truly,      Charles C. Kellogg & Sons Co. S. K."

The libellant on the 13th of September mailed the said invoice and bill of lading to C. C. Kellogg, Imperial Block, Utica, N. Y. The envelope containing the said invoice and bill of lading was returned in the mail to the libellant on or about October 18, 1906, as unclaimed.

On or about the 14th of October the libellant drew a draft on C. C. Kellogg, Utica, N. Y., and transmitted it to the First National Bank of Utica for collection. Said draft having been returned unpaid the libellant wrote the following letter:

"New York, Oct. 17, 1906.

Mr. C. C. Kellogg, Utica, New York.

Dear Sir: Our draft for $157.50, to cover invoice of September 10th, has been returned by the First National Bank, of your city, with the information that you have written. We have no record of receiving any communication from you in regard to the matter, and therefore call your attention to the fact that this bill is past due and we are entitled to our money. Kindly remit or let us know why remittance is withheld.

Yours truly,      Fulton Bag & Cotton Mills."

The following reply was received to the last mentioned letter:

"Utica, N. Y. Oct 19/06.

Fulton Bag and Cotton Mills, 236 Spring St., New York City.

Gentlemen: Yours of the 17th regarding claim for $157.50 is at hand and replying to same would say that there was a draft presented by the First Natl. Bank for the above named amount and inasmuch as we could find no record of any invoice of your we instructed Bank to return draft and we would write you regarding same but the writer was called out of town and the matter slipped his mind until your letter of the 17th came to hand. We assure you we have no desire to keep back any money that we owe you and if you will send us a duplicate invoice of your charge against us we will close up same at once and if correct will send you check covering same. If you have a written order from us for any goods kindly write order number on invoice to facilitate checking.

Kindly forward the invoice by return mail and oblige.

Yours very truly,      Chas. C. Kellogg & Sons Co.
      by J. W. Snyder, Secy."

The libellant sent the following reply to the same:

"Oct. 20, 1906.

Messrs. C. C. Kellogg & Sons Co., 68 Seneca St., Utica, N. Y.

Gentlemen: Yours of the 19th at hand.

Our letter of the 17th was not addressed to your firm, but to Mr. C. C. Kellogg, as per letter head enclosed. This party ordered some bags from us, and since we shipped them, we have sent him statement and several communications, but have not been able to get any reply and some of our communications have come back unopened, after having been forwarded from Utica to Albany.

Could you throw any light on this matter, as to who the party is having the same name as the first part of your firm's name? When our order clerk received the order, he naturally looked up the rating in the mercantile books, and finding your name, took it for granted that this C. C. Kellogg, as per letter head enclosed, was the same as your firm. Of course, that was an error, but we would like to get some trace of this party. If you can give us any information as to who this party is, we would appreciate it very much.

Yours very truly, Fulton Bag & Cotton Mills."

The following reply was received to the last mentioned letter:

"Utica, N. Y. Oct. 24, 1906.

Fulton Bag & Cotton Mills, 236 Spring Street, New York.

Gentlemen: Replying to yours of the 20th inst. would say we have been spending considerable time trying to find out who C. C. Kellogg is. C. C. Kellogg of our company, has been dead for several years, and there is no C. C. Kellogg in our family. It is evidently a case of fraud from start to finish, as we have seen Mr. Mullen, who owns the Imperial Block, and he says he has never rented anything to anybody, by the name of C. C. Kellogg. We are afraid that a gold brick has been handed out to you, and we are extremely sorry that we can not do more to find out who the guilty party is. If there is anything further you can suggest that we do in this matter, we beg of you command us, and we will, if you want us to, acquaint the police of our city with this situation.

Yours very truly, Charles C. Kellogg & Sons Co.
Spencer Kellogg."

The matter was then turned over to the Post Office Department and the libellant received a letter from an inspector, of which the following is a copy:

"Buffalo, N. Y. Nov. 13th, 1906.

Fulton Bag & Cotton Mills, New York, N. Y.

Gentlemen: In the investigation of the case of using the mails for fraudulent purposes by C. C. Kellogg, in which you are the complainant, I have to state that I have been unable to locate Mr. Kellogg, but found that after the receipt of the 2000 bags which you shipped him to Albany, N. Y. he had same sent to Troy and they were purchased by the Boutwell Milling & Grain Co. of Troy, N. Y. This company was unable to furnish any information regarding Kellogg.

Very respectfully, R. S. Griggs, P. O. Inspector."

The libellant on January 21, 1907, made a claim on the respondent for the loss, to which the respondent replied as follows:

"Freight Department,
Peoples Evening Line Steamers,
(Hudson Navigation Company)
Between New York & Albany,

Frank C. Earle, Pier 32 North River.
Freight Traffic Manager. New York, Feb. 18, 1907.

Refer to file E 27

claim B16367

Fulton Bag & Cotton Mills, #236 Spring St., City.

Dear Sirs: Replying to yours of Jan 21st and Feb 4th and returning invoice for $157.50 and shipping receipt received with same, will state, payment of claim is respectfully declined as shipment referred as being made by your Company Sept 10th/06 consisting of four bales of burlap bags, 2300 pounds consigned to C. C. Kellogg, Albany, N. Y., upon arrival of said shipment at Albany, consignee C. C. Kellogg was properly notified and delivered to the proper consignee, we holding receipt likewise.

Yours very truly, Frank C. Earle, Freight Traffic Manager."

The respondent's agent at Albany, N. Y., on the 5th day of September, 1906, received a letter of which the following is a copy:

"C. C. Kellogg,                    Contracting,                    Branch at
    Imperial Blk.,                     also                       Albany, N. Y.
    Utica, N. Y.                   Grain & Feed

Utica, N. Y. Sept. 5th 1906.

Mr. Albany Freight Agent, Peoples Line Steamers, Albany N. Y.

Dear Sir: This will introduce to you Mr. C. G. Kellogg who will represent me in Albany and who is authorized to receive and ship all freights for me.
        Yours respectfully,                    C. C. Kellogg."

The signature was typed as well as the body of the letter.

The following stipulations are contained in the record:

"XI. In accordance with a general custom at the port of Albany, to which the goods were consigned, goods consigned to a consignee named in the bill of lading are delivered to said consignee without requiring the production or surrender of the bill of lading.

XII. That the agent of the respondent, when said goods arrived at Albany, by mail notified C. G. Kellogg of their arrival, and said goods were delivered to a truckman authorized by the said C. G. Kellogg to receive freight consigned to C. C. Kellogg, and the charges for freight thereon, amounting to $3.45, were paid. The delivery slip signed by the truckman is hereto attached and marked 'Exhibit P.'

XIII. The value of the goods delivered by the libellant to the respondent, as described in Paragraph IV of the libel herein, is and was $157.50."

The delivery slip mentioned in Par. XII, supra, was as follows:

"Delivery Slip
Received from the Hudson Navigation Co.,
the below mentioned articles in good order
at Albany, N. Y.

159 Sep 10'06
C C Kellogg

| For Charges on Freight from | Weight. | Freight | Collect |
|---|---|---|---|
| 4 Bl  Burlap | 2300 | 3 45 | 3 45 |

Delken"

There has been considerable discussion and citation of authorities upon the theory that C. C. Kellogg was a fictitious person, but that does not seem to be established. As far as can be judged he was a real person located in Utica, who had an agent, C. G. Kellogg, in Albany. Perhaps the person who ordered the goods adopted the name of C. C. Kellogg for the purpose of obtaining them without subsequent liability; but if such is the fact, it does not tend to establish the libellant's cause of action against the respondent. The latter, whose northern terminus was at Albany, received the goods in the ordinary course of business, and, when delivering them at Albany, used such precautions as its duty cast upon it to see that the party for whom the goods were intended received them. This is somewhat similar to The Drew (C. C.) 15 Fed. 826, where the delivery was made to the party intended as the recipient and the carrier was exonerated from liability in a claim made against it. It was held in Edmunds et al. v. Merchants' Despatch Trans. Co., 135

Mass. 283, that where one fraudulently assuming the name of another, buys goods in person, the property or the goods passes to the purchaser and the seller cannot maintain an action against a common carrier for delivering them to the purchaser. I fail to perceive any real distinction here, even assuming that Kellogg was a fraudulent purchaser in name. He was the person who bought the goods and acquired title to them, certainly against the respondent, and became the owner for the purposes of delivery at destination. That there was such a name as C. C. Kellogg seems to be indicated by the investigation of the Post Office Inspector in Utica, who said, supra, that: "I have been unable to locate Mr. Kellogg, but found that after the receipt of the 2000 bags which you shipped him to Albany, N. Y., he had same sent to Troy, N. Y., and they were purchased by the Boutwell Milling & Grain Co. of Troy, N. Y. This company was unable to furnish any information regarding Kellogg." For all that appears from the agreed statement of facts, C. C. Kellogg did exist and the carrier could not do otherwise than deliver the goods to him or his authorized representative. It is admitted in Par. 12 of the Stipulations, supra, that C. G. Kellogg was himself employed in this matter and he did actually receive the goods. To enable the libellant to succeed here would place a burden upon a transportation company which had been used to perpetrate a fraud, perhaps, but it was not through any fault of its own that the libellant was victimized but solely through the libellant's own remissness in dealing with such a party.

The libel is dismissed.