KIMBROUGH *v.* AMERICAN RAILWAY EXPRESS COMPANY.

Opinion delivered March 30, 1925.

CARRIERS—DELIVERY OF SHIPMENT TO CONSIGNEE UNDER ASSUMED NAME.—Where a carrier delivered goods received for shipment to the person who ordered them from the shipper, it could not be held liable to the shipper for their value, although the consignee may have ordered and received them under a fictitious name.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*E. D. Chastain,* for appellant.

*A. M. Hartung,* and *Warner, Hardin & Warner,* for appellee.

HUMPHREYS, J. This suit was instituted in the circuit court of Crawford County by appellants against appellee to recover $378.25 on account of the alleged negligence of appellee in failing to deliver 150 crates of strawberries to appellant's consignee.

Appellee filed an answer denying that it negligently failed to deliver the berries to the consignee of appellants.

This cause was submitted to a jury upon the pleadings, the testimony adduced by the respective parties, and the instructions of the court, which resulted in a verdict and judgment in favor of appellee, from which is this appeal.

Appellants contend for a reversal of the judgment upon the ground that the verdict was contrary to the law and the evidence. The facts are undisputed, and, in our opinion, the law applicable thereto sustains the verdict and consequent judgment dismissing appellants' complaint.

T. E. Gratton, under the fictitious name of C. J. Smith, telephoned to appellants, who were engaged in buying and selling strawberries at Rogers, Arkansas, an open order for twenty crates of strawberries to be shipped to him daily. Appellants had never done any business with T. E. Gratton or C. J. Smith, and did not realize, when they received the order, that the berries had been ordered under a fictitious name. They made no inquiry as to the existence or responsibility of C. J. Smith, but shipped berries to him on open account extending over a period of time from May 16, 1922, to June 2, 1922. The berries were delivered by appellee at Pawhuska to a man representing himself to be C. J. Smith, the consignee named in the various shipments. Appellants, having received no payments upon the berries, became uneasy, so N. D. Kimbrough went to Pawhuska in search of C. J. Smith. After much inquiry, he met a man in a garage who admitted that he was the person Kimbrough was looking for. This man paid Kimbrough $175, promising to meet him the next morning and settle in full for the strawberries. The party failed to meet him according to appointment, and, at the expiration of two days' search, he found him at Whizbang, and ascertained that his real name was T. E. Gratton. He succeeded in collecting $10 more from him, but was unable to collect the balance, and afterwards brought this suit to recover same from appellee for a misdelivery of the berries.

The rule applicable is well stated in the case of *Fulton Bag & Cotton Mills* v. *Hudson Navigation Company*, 157 Fed. 987, as follows: "Where a transportation company delivered goods received for shipment to the person who ordered the same from the shipper, it cannot be held liable to the shipper for their value, although such person may have ordered and received them under a fictitious name." The doctrine thus announced is sustained by the weight of authority, as will be seen by reference to the following citations: 10 C. J., § 379, page 266; 4 Elliott on Railroads (3rd ed.), § 2296, p. 776; 2 Hutchinson on Carriers (3d ed.), § 472, page 746; *Edmunds* v. *Merchants' Despatch Transportation Co.*, 135 Mass. 283; *Dunbar* v. *Boston & Providence R. R. Co.*, 110 Mass. 26; *Southern Express Co.* v. *Williams* (Ga.), 27 S. E. 743; *Wilson* v. *Adams Express Co.*, 27 Mo. App. 360; *Pacific Express Co.* v. *Hertzberg*, (Tex.), 42 S. W. 795; *Stimpson* v. *Jackson*, 58 N. H. 138; *Seibert* v. *Ry. Co.*, 155 Pa. Super. Ct. 433. The reason of this rule is that one who orders a shipment under a fictitious name is the real consignee, although the fictitious name appears in the consignment. The title to the property passes to the real party ordering the goods when the shipment is made, although ordered under a fictitious name, so it follows that the carrier is justified in delivering the goods to the owner thereof.

No error appearing, the judgment is affirmed.