## Seibert *v.* Railway Company.

*Common carrier—Negligence in delivery of goods.*

A common carrier is not chargeable for negligence in the delivery of goods where it appears that it delivered them to the man to whom they were sent, and who, the company was induced, by the acts of the shipper in dealing with him, to believe, was the man to whom the shipper intended to send them.

Argued Nov. 16, 1900. Appeal, No. 204, Oct. T., 1900, by plaintiff, in suit of D. S. Seibert & Hugh J. Miller, trading as

Seibert & Miller, against the Philadelphia and Reading Railway Company, from judgment of C. P. Berks Co., Aug. T., 1898, No. 83, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Assumpsit. Before ERMENTROUT, P. J.

The facts sufficiently appear from the charge of the court below which is as follows :

Messrs. Seibert & Miller bring a claim against the Philadelphia and Reading Railway Company for the payment of damages amounting to $295 which they allege they sustained though the negligence of the defendant in the shipment of cigars to one A. W. Bell. It would appear from the evidence that the order to Seibert & Miller came from A. W. Bell of Liberty street; that the plaintiffs shipped the goods to A. W. Bell, 55 Liberty street, New York; that those goods reached New York, and that they, having shipped them, sent a bill of lading to A. W. Bell, 55 Liberty street, New York. The person who received that bill of lading presented it to the Jersey Central office and received the goods. [There is no evidence here of any stopping of these goods, or that any notice was given by the plaintiffs which would make it incumbent upon the Jersey Central Railroad not to deliver the goods to the party who held the shipping receipt. These goods were delivered in due course of time without any notice whatever that would affect, in the judgment of the court, the integrity of the contract on their part, and for that reason there could be no recovery.] [1]

[There could be no recovery for the further reason that by virtue of the contract made at the time of shipment, the Philadelphia and Reading Railway Company were not liable for any negligence or misdelivery of the goods by the Jersey Central Railroad to whom they were given when they left the line of the Philadelphia and Reading Railway at Allentown.] [2] Under this contract the goods were " to be transported to and delivered at the regular freight station of the company at destination, if the same is on this carrier's line, or if the property is destined to a point beyond this carrier's lines, then at the point of junction with the connecting line, subject to all the conditions follow-

ing and upon the back of this receipt." On the back of the receipt is the following: "No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee."

[Now, under that contract, if the evidence is to be believed— and there is nothing to the contrary, in the judgment of the court—these goods were taken to the Allentown Terminal by the Philadelphia and Reading and delivered to the Jersey Central, so that they fulfilled their duty in that respect, and, under their contract, they would not be liable though there had been a misdelivery of the goods by the Jersey Central Railroad to whom they had delivered them to be carried to ultimate destination.

If you believe the evidence submitted, it will be your duty to render a verdict in favor of the defendant.] [3]

Defendant submitted the following point:

[Under all the evidence in this case, the verdict must be for the defendant. *Answer*: Affirmed.] [4]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1–3) to portions of the judge's charge, reciting same. (4) In affirming defendant's point, reciting point and answer.

*W. K. Stevens*, with him *Geo. D. Humbert* and *Ira G. Kutz*, for appellants.—Under the law, a carrier is liable to the consignor for the value of the goods shipped upon a fraudulent order to a fictitious consignee at the instance of a fraudulent purchaser to whom they are delivered, although such purchaser produces a bill of lading, when it appears that the carrier delivered the goods without making inquiry as to the identity of the party demanding them: 4 Am. & Eng. Ency. of Law (2d ed.), 197.

The cases sustain this general statement of the law: Express Co. v. Shearer, 160 Ill. 215; Stephenson v. Hart, 4 Bing. 476; Duff v. Budd, 3 Brod. & B. 177; Heugh v. Railroad Co., L. R. 5 Exch. 51; Sword v. Young, 89 Tenn. 127.

*P. S. Zieber*, of *Baer, Snyder & Zieber*, for appellee.—There

was no misdelivery of the consignment by the defendant railway or its connecting line, the Central Railroad of New Jersey.

It is manifest that the cases relied on by appellant are entirely different in their facts from the one before us: Samuel v. Cheney, 135 Mass. 278.

OPINION BY WILLIAM W. PORTER, J., December 10, 1900:

The learned court below directed a verdict for the defendant. He bases his action on two grounds. First, that the contract of carriage released the carrier from liability for acts done by succeeding carriers. Second, that in the delivery of the goods no negligence was committed. If either ground be tenable, the judgment is right. Let it be assumed that the contract was for transportation to destination. The delivery was made to the consignee who ordered the goods; whose place of business was given upon the package; who presented and surrendered the bill of lading, forwarded to him by the shipper. It is scarcely possible to show a good delivery if these facts do not constitute such. There is one phase of the case, however, upon which the plaintiff relies to indicate negligence on the part of the carrier. The name of the consignee in the bill was borne by two persons doing business in New York. One was of good standing, the other was not. No address was on the waybill accompanying the goods. The railroad company sent notice of arrival to the reputable business house. The messenger was there told that the goods were not intended for it, but that another concern of similar name was doing business on another street, and to look out for them. This information does not appear to have been communicated to the superior officials of the railroad, but a telegram was sent to the shipping point to obtain the address of the consignee. Pending a reply, the bill of lading was presented by the person to whom it had been sent by the shipper. To him the goods were delivered. He was subsequently found to be irresponsible. These facts do not convict the defendant company of negligence. The company may well answer that it has delivered the goods, according to the shipper's directions, to the man to whom they were sent, to whom the evidence of title was sent, and who, the company was induced by the acts of the shipper in dealing with him to believe, was the man to whom the shipper intended to send them.

The judgment is affirmed.