## Stone & Co. *v.* D., L. & W. R. R. Co., Appellant.

*Common carriers—Bailment—Delivery by mistake—Liability.*

A delivery, by a common carrier, of a shipment consigned to its care, otherwise than in accordance with the bill of lading, is at the carrier's risk. The title remaining in the consignor until an authorized delivery, the carrier was bound to deliver the shipment to the person to whom the owner consigned it.

If delivery of goods be made to a person other than the consignee, though innocently and by mistake but without the order of the consignor, the carrier is liable to the consignor in case of loss.

Argued March 5, 1919. Appeal, No. 38, March T., 1919, from judgment of C. P. Lackawanna County, March T., 1915, No. 1023, in favor of plaintiff in the case of W. A. Stone and George F. Bortz, trading as W. A. Stone & Co., v. The Delaware, Lackawanna & Western Railroad Company. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit to recover value of a car of coal alleged to have been lost in transit. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Walter L. Schanz, Esq., as referee, who recommended that judgment be entered in

favor of plaintiff and against defendant in the sum of $206.59. Exceptions were filed to this report, which the court overruled and entered judgment in accordance with the report of the referee. Defendant appealed.

*Errors assigned* were in overruling the exceptions to the report of the referee and in entering judgment in favor of the plaintiff.

*J. H. Oliver,* for appellant.

*Ralph W. Rymer,* and with him *Roswell H. Patterson* and *Elmer D. Adair,* for appellee.

OPINION BY TREXLER, J., July 17, 1919:

The George F. Lee Company, Kingston, Pa., shipped a carload of chestnut coal billed to W. A. Stone & Company, the plaintiff, Black Rock, N. Y., via. D., L. & W. R. R. Co., and while the coal was in course of shipment the consignees directed the carrier to ship the car by connecting railroad to Maynard & Co., Collingswood, Ohio. When the car arrived at Buffalo, it was mistakenly delivered to the D., L. & W. Coal Co. and disposed of by that company. The number of the car in question was 73300. Through a partial similarity of number, a car of the D., L. & W. containing chestnut coal and numbered 73000 was sent to Maynard & Co., who received it, but never paid Stone & Co. for it. Stone & Co. now sue the carrier for the loss of the car.

The D., L. & W. R. R. Co., the bailee of the car was under duty to deliver in accordance with its contract, the identical goods committed to its care: Penn R. Co. v. Stern & Spiegel, 119 Pa. 24; Commonwealth v. Fleming, 130 Pa. 138. "It cannot be questioned for a moment that it was the duty of the carrier to deliver the goods to the person to whom the owner consigned them. If the carrier does not so deliver them, he acts at his peril, and the whole risk of a wrong delivery rests upon him": Wern-

wag v. R. R. Co., 117 Pa. 46.   In Shenk v. Stean Propeller Co., 60 Pa. 109, we find "Whatever doubt may hang over the question as to the termination of a carrier's or other bailee's responsibility, there is one point which is indisputable, that he must take care at his peril that the goods are delivered to the right person, for a delivery to a wrong person renders him clearly responsible though innocently and by mistake."   This is the law generally and is in accordance to the decisions in other states: 10 Corpus Juris 249.

There are cases where the delivery of the identical goods need not be made such as where grain is shipped consigned to an elevator but there is no evidence of any such usage existing as to the handling of coal.

The referee found as a fact that there was no conduct on the part of Stone & Co., which amounted to acquiescence in delivery of car No. 73000 in place of car No. 73300 and further that there was no evidence upon which he could base an estoppel or ratification on the part of Stone & Co.

As to the relations existing between the railroad company and Maynard & Co., we need not concern ourselves in this case.

The defendant was bound to deliver the identical car of coal and having failed to do so must account for its loss.   The substitution of another car and the acceptance of the altered position by all parties concerned would have been an easy solution of the question, but this would have been a matter of grace.   The consignors have a right to insist that the contract of carriage shall be literally carried out.

The defendant claims that the wrong party has brought the suit; that Maynard & Co. were the consignees and that, therefore, the title to the coal when lost was in them and they are the only parties that can bring suit.   This argument seems to be raised as a last resort by defendant.   A careful reading of the record does not show that this subject was broached before the referee

STONE & CO. v. D., L. & W. R. R. CO., Appellant. 419

416, (1919).]        Opinion of the Court.

and is not raised specifically by any of the assignments of error. In fact in the negotiations, the railroad company recognized its liability and requested Stone & Co. to present their bill for the coal. There was no reason why Maynard & Co. should sue the carrier for they had lost nothing. Stone & Co. cannot hold Maynard & Co. for they have no charge on their books against them and according to the finding of the referee, the car of coal No. 73300 was excluded from their transactions, so there is no question of title or liability arising between these two parties. We would be loath at this late stage of the proceedings to consider a question which should have been raised in the beginning when the defendant's side was heard and not at the end of the litigation.

The assignments of error are overruled and the judgment is affirmed.