# Master Shirt and Blouse Company, Appellant, *v.* American Railway Express Company.

*Carriers—Shipments—Delivery—Loss—Evidence—Insufficiency.*
In an action of assumpsit for the value of certain merchandise, which it is claimed was not delivered by an express company, a verdict for the defendant will be sustained, where the testimony produced to prove the loss is vague and indefinite, and there is no positive affirmative proof of the nondelivery of the merchandise.

Argued October 14, 1920.   Appeal, No. 164, Oct. T., 1920, by plaintiff, from the judgment of the Municipal Court of Philadelphia, Nov. T., 1919, No. 413, in case tried by the court without a jury in suit of Master Shirt and Blouse Company v. American Railway Express Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit to recover value of goods lost in transit. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*H. P. Sundheim,* of *Sundheim, Folz & Sundheim,* for appellant.

*Alexander R. Staples,* and with him *Thomas DeWitt Cuyler,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:
This action was brought to recover the value of forty-six and one-half dozens of shirts, part of a consignment of one hundred dozens, delivered by the plaintiffs to the

defendant to be transported from Philadelphia to Frederick Loeser & Company, at Brooklyn, N. Y. The shipment consisted of seven cartons. Six of the cartons were received July 8th, and one, July 15th. Each of the cartons in the first shipment contained thirty boxes, and twenty boxes were in the carton last shipped. There were six shirts in each box. The plaintiff's allegation is that out of the two hundred boxes which should have been in the seven cartons, only one hundred and seven boxes containing fifty-three and one-half dozens shirts were actually received. The case turned on the sufficiency of the evidence to show a failure on the part of the defendant to deliver the whole consignment. It was tried before the presiding judge without a jury and his decision was adverse to the plaintiff. The conclusion arrived at was based on the insufficiency of the evidence to show that the merchandise was not delivered pursuant to the defendant's undertaking. The opinion does not rest on the credibility of the witnesses, but on lack of proof of facts from which a finding should have been made in favor of the plaintiff. The evidence is brief on the subject of delivery, and we have examined it with care. It is the testimony of a single witness, Mr. Meehan. There was other testimony given by a witness, Mr. Durnin, to show the receipt of the carton last delivered. It was receipted for by an employee of the consignees who was not called to testify. Mr. Durnin stated with reference to this carton that he "got it through," that it was receipted for by another man; he could not recall the delivery of the package as there were so many received every day by the house—probably one hundred. He had nothing to do with unpacking the shipments. Turning then to the evidence of Mr. Meehan, it appears that he could not recall the fact that he had seen the cartons unpacked; he was in the room where that work was done, but the size of the room, the number of persons engaged, or the time when this particular work was done, does not appear from the evidence. There were two counters in the room where merchandise was placed.

The business of the Loeser Brothers seems to have been extensive, and many packages were received in this room every day. The testimony would give the impression that both of the cartons were unpacked at the same time. If so, no account is given of the whereabouts of the cartons first received during the week before the second one arrived; nor does it appear how soon after their arrival they were unpacked. Assuming, however, that they were opened in the order in which they were received and in a reasonable time thereafter, it is evident from Mr. Meehan's testimony that he did not open the cartons himself; that he so states. He says he counted eighty-five boxes, but these he found on the counter. The cartons had been opened by another employee and the witness saw eighty-five boxes there. In answer to the question whether he knew of his personal knowledge whether there were more boxes in the carton or not when they were brought to the place of business, he said: "A. No, they were opened right there; I don't know. Q. All you know it was on your counter? A. No, sir. Q. You don't know whether all the boxes were taken out of the cartons or not, do you? A. Those boxes are looked in to see that there is nothing in them. Q. You don't do that personally, do you? A. No." The person who opened the cartons and handled the goods was not called. The question of the actual number of boxes delivered is thus left in uncertainty and we are unable to see that the trial judge should have inferred from the fact that the witness only counted eighty-five boxes that that was all there were in the cartons when received by the consignee. What opportunities existed for removal of boxes from the cartons before they were opened does not appear, and as the witness had no knowledge of the contents except as to the eighty-five boxes which he says were on the counter, uncertainty might well exist in the mind of the court or in the minds of jurors as to the nondelivery of all the merchandise received by the defendant from the plaintiff.

The judgment is affirmed.