# Wiesen & Company, Appellant, *v.* American Railway Express Company, Incorporated.

*Carriers—Express companies—Delivery—Failure to deliver—Burden of proof—Evidence—Insufficiency.*

In an action against an express company for failure to deliver merchandise, the burden is upon the plaintiff to prove, first, a receipt by the carrier of the merchandise, and second its non-delivery to the consignee.

Proof of failure to deliver to an individual of the same name as the consignee, who testified that she had had no dealings with the consignor and never bought an order of goods from it, is not sufficient proof of the failure to deliver to the consignee named in the express receipt.

The contract of the carrier is not that it will ascertain who is the owner of the goods shipped and deliver them to him, but that it will deliver the goods according to the directions of the shipment. Proof that they were not delivered to a person who did not purchase them, cannot take the place of the essential evidence required viz: that the goods were not delivered to the consignee who had purchased them. In the absence of any evidence on that point, the defendant was not obliged to offer any proof whatsoever that it had made delivery pursuant to the contract of shipment, and a judgment in favor of the defendant will be sustained.

Wernwag and Dawson *vs.* P. W. & B. R. Company, 117 Pa. 46, distinguished.

Argued October 20, 1926. Appeal No. 230, October T., 1926, by plaintiff from judgment of M. C. Philadelphia County, June T., 1924, No. 1018, in the case of L. Wiesen & Company, Incorporated, v. American Railway Express Company, Incorporated. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for failure to deliver merchandise. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of defendant. Plaintiff appealed.

*Errors assigned* were various findings of fact and the judgment of the Court.

*Victor H. Blanc,* and with him *Harry Shapiro,* for appellant.—There was no evidence of delivery by the carrier and the plaintiff was entitled to judgment: Shenk v. Phila. Steam Propeller Co., 60 Pa. 109, 116; Stone & Co. v. D. L. & W. R. R. Co., 72 Pa. Superior Ct. 416; Wernwag v. Phila. W. & B. R. Co., 117 Pa. p. 46; Freedman et al. v. Bush & Sons Co., 284 Pa. p. 16.

*Alfred G. Muench,* and with him *Alexander R. Staples,* for appellee, cited: Land Title and Trust Co. v. Northwestern National Bank, 196 Pa. 230; Wilson v. Adams Express Co., 27 Mo. A. 360, 368; Edmunds v. Merchants' Despatch Transp. Co., 135 Mass. 283; Fulton Bag & Cotton Mills v. Hudson Navigation Co., 157 Fed. 987.

OPINION BY KELLER, J., March 3, 1927:

On or about May 8, 1924, a man called at plaintiff's place of business in Philadelphia, and representing himself to be the agent of S. Marks, of Toledo, Ohio, purchased sixty dresses of the value of $4.75 each, "with the understanding that if they did not meet the approval of Mr. S. Marks personally, himself, they would be returned."

They were delivered to the defendant for shipment, under the terms and conditions of the uniform express receipt, consigned to S. Marks, Toledo, Ohio.

Plaintiff brought this action in trespass, alleging defendant's failure to deliver the goods to the consignee and their wrongful delivery to some other person.

In order to sustain its action plaintiff was obliged to prove two things: (1) Defendant's receipt of the goods to be forwarded; (2) their non-delivery to the

consignee.    Until the plaintiff produced competent proof of both these averments, the defendant was not obliged to offer any evidence in the case, and in default of either was entitled to a verdict.

The receipt of the goods was admitted by the defendant.    To support its averment of non-delivery of the goods plaintiff produced the deposition of Rachel Marks, trading as S. Marks, at No. 502 Front Street, Toledo, Ohio, who testified that she had never received the shipment in question; but on cross-examination also testified that she had not ordered or purchased the merchandise shipped by plaintiff, had never bought any goods from it, and "never knew the concern." This was all the evidence on the subject, except it was brought out on cross-examination of this witness that some one else had been using the name of S. Marks, Toledo, Ohio, in order to purchase goods on credit and had defrauded merchants in Philadelphia and Baltimore of several thousand dollars worth.

In view of these facts it cannot be said that Rachel Marks, trading as S. Marks, was the consignee of the goods shipped by plaintiff.    She had no dealings with plaintiff and never bought or ordered the goods in question.    The actual purchaser made no representations that he was acting for her, did not claim to be in business at her address in Toledo, did not refer to her credit rating in Dun's or Bradstreet's.    The fact that the plaintiff looked up Dun's rating and mistakenly believed that the rating there furnished applied to the purchaser of these goods cannot affect the defendant. The contract of the carrier is not that he will ascertain who is the owner of the goods shipped and deliver them to him, but that he will deliver the goods according to the directions of the shipment.    We cannot agree that the plaintiff consigned the goods to Rachel Marks trading as S. Marks, or even that such was its intention.    The more correct statement is that it intended to send them to the person who ordered and

agreed to pay for them, erroneously supposing that he was the S. Marks rated in Dun's. The carrier is answerable for frauds upon itself; but not for frauds upon the shipper of which it is not chargeable with notice.

It follows that plaintiff failed to prove that the goods were not delivered in accordance with the contract of shipment. Proof that they were not delivered to Rachel Marks, trading as S. Marks, who did not order or purchase them, could not take the place of the essential evidence required for a recovery in this case, viz., that the goods were not delivered to the consignee who had purchased them. In the absence of any evidence on that point the defendant was not obliged to offer any proof whatever that it had made delivery pursuant to the contract of shipment, and the learned judge who tried the case without a jury committed no error in finding in its favor: Master Shirt & Blouse Co. v. American Ry. Exp. Co., 75 Pa. Superior Ct. 363.

Our conclusion is supported by many decisions of courts of other jurisdictions, among which may be cited: Samuel v. Cheney, 135 Mass. 278; Edmunds et al. v. Merchants Despatch Trans. Co., 135 Mass. 283; The Drew, 15 Fed. 826; Fulton Bag & Cotton Mills v. Hudson Nav. Co., 157 Fed. 987; Wilson v. Adams Exp. Co., 27 Mo. App., 360, 369.

The case of Wernwag & Dawson v. P. W. & B. R. Co., 117 Pa. 46, relied upon by appellant, is easily distinguishable from this case in that there the shipment was consigned to A. Behrend and it was proven that the delivery was made to L. Behrend, a clear departure from the directions of the shipment.

The assignments of error are overruled and the judgment is affirmed.