# Feingold, Trading as A. S. Feingold & Company, Appellant, *v.* American Railway Express Co., Inc.

*Carriers—Express companies—Unauthorized delivery.*

In an action of assumpsit against an express company for failure to deliver a shipment to the consignee, defendant admitted the receipt of the goods and their value as alleged. Plaintiff offered in evidence a letter from the express company purporting to be in answer to one from plaintiff. The defendant's letter showed delivery of the goods to a person who was not the consignee and not authorized to receive the goods. Defendant offered no testimony. The case was tried without a jury and the judge's finding was for the defendant.

The uncontradicted evidence of delivery of the goods to a person unauthorized to receive them required a finding for the plaintiff.

The contract of the carrier is that he will deliver the goods according to the directions of the shipper. If he does not so deliver, he acts at his peril and the risk of a wrong delivery rest on him. The carrier must take care at his peril that the goods are delivered to the right person, for a delivery to a wrong person renders him clearly responsible though innocently and by mistake.

Argued October 17, 1927. Appeal No. 64, October T., 1927, by plaintiff from judgment of M. C. Philadelphia County, April T., 1926, No. 601, in the case of Alexander S. Feingold, trading as A. S. Feingold and Company, v. American Railway Express Company, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for failure to deliver goods. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of the defendant. Plaintiff appealed.

*Errors assigned* were the findings of fact and the judgment of the Court.

*Jerome Bennett,* of *Wessel, Bennett & Weiss,* for appellant.—The evidence that the goods were delivered to a person unauthorized to receive them was uncontradicted and the plaintiff was entitled to judgment: Wiesen & Company v. The American Railway Express Company, 90 Pa. Superior Ct. 78; Wernwag v. The Railroad Company, 117 Pa. 46; Stone v. The D. L. & W. Railroad Company, 72 Pa. Superior Ct. 416; American Sugar Company v. McGee, 96 Ga. 27.

*Alfred G. Muench,* and with him *John Lewis Evans,* and *Bromley, Evans & Staples,* for appellee.—Evidence submitted by plaintiff was insufficient to warrant the finding that the consignee did not receive the shipment: Master S. & B. Co. v. American Railway Express Company, 75 Pa. Superior Ct. 363.

OPINION BY GAWTHROP, J., December 15, 1927:

This suit was brought to recover the value of fifteen dozens of shirts delivered by plaintiff to defendant at Philadelphia for shipment under the terms and conditions of the uniform express receipt to the consignee, Tuin Brothers, at Columbia, S. C. The allegation was that defendant failed to deliver the goods to the consignee. At the trial defendant admitted its receipt of the goods and their value as alleged. Therefore, plaintiff was obliged to prove only the non-delivery of the goods to the consignee. He testified that the shipment was made October 5, 1925; that he next heard about the shipment when he received from defendant a postal card which he had mislaid; that on October 19, 1925, he dictated and signed a letter addressed to defendant at Columbia, S. C.; and that, while he did not personally mail the letter, he knew that it was mailed because he received in reply to it the following letter from defendant:

"Oct. 30, 1925.

A. S. Feingold & Co.,
1701 Vine Street,
Philadelphia, Pa.

> Tuin Brothers, Columbia, S. C.
> From A. S. Feingold & Co.
> Phila., Pa. 2 cartons 10-5-25.

Gentlemen:

In reply to your letter of October 19th, concerning subject shipment, I beg to advise that same was delivered to your representative, Mr. Fred Black, on October 12th, 1925, and I presume that he has since advised you of receipt of this shipment.

> Yours truly,.
> W. H. Shepherd, Agent."

After defendant failed to produce on call plaintiff's letter of October 19, 1925, a carbon copy thereof was offered and admitted. It read:

"October 19, 1925.

American Railway Express Co.,
Columbia, South Carolina.
Gentlemen:

A few days ago we received a notice from you, which has since been misplaced, that two cartons we consigned to Tuin Brothers, Columbia, South Carolina, had been refused by them. We hereby authorize you, and request you to return them to us, the shippers.

> Very truly yours,
> A. S. Feingold & Co."

Plaintiff testified further that he did not authorize defendant to deliver the goods to Black, who was in his employ merely as a salesman of goods. Defendant offered no evidence. The case was tried before the presiding judge without a jury and his finding was for defendant. Plaintiff has appealed.

The sole question presented to us is whether the evidence in the case supports such a finding. That the goods were delivered to plaintiff's agent, Black, appears by defendant's letter of October 30th. This letter was written on the letter head of defendant and signed "W. H. Shepherd, agent." While the question of the admissibility of this letter in evidence is not before us, we pass upon it because the case must be re-tried. We see no objection to its admission. It was received in reply to a previous letter addressed to defendant at its office in Columbia, S. C. by plaintiff and presumably was genuine. It had all the earmarks of authenticity. It would have been easy for defendant to prove that Shepherd was not its agent if such was the fact. Surely in the circumstances the question whether it was defendant's letter was one of fact for the trial judge. Nor have we any doubt as to the admissibility of the copy of plaintiff's letter of October 19th. While plaintiff did not testify that he mailed the original letter, defendant's letter of October 30th was evidence of its receipt. The admission of these papers is sustained by the following cases: Comerer v. Patrons' M. F. I. Co., 53 Pa. Superior Ct. 516; Roe v. Dwelling House Insurance Co., 149 Pa. 94; Huckestein v. Kelly, 139 Pa. 201. The uncontradicted evidence is that the person to whom defendant delivered the goods was not authorized to receive them. While this evidence came from plaintiff, there was no reasonable ground to doubt his candor, and the testimony was not improbable in itself, nor at variance with any proven or admitted facts. It is a grave question whether the finding stated in the opinion of the court below, that Black was plaintiff's representative to receive delivery of the shipment, did not result from an unwarranted and capricious disbelief of testimony like that in Berkowitz v. Palruba Mfg. Co., 68 Pa. Superior Ct. 559. But it is not necessary to turn the case upon this point. The contract of the carrier is that he will

deliver the goods according to the directions of the shipper. If he does not so deliver, he acts at his peril and the risk of a wrong delivery rests on him: Wiesen & Co. v. American Rwy. Exp. Co., 90 Pa. Superior Ct. 79; Stone & Co. v. D. L. & W. R. R. Co., 72 Pa. Superior Ct. 416; Wernwag & Dawson v. P. W. & B. R. R. Co., 117 Pa. 46. In Shenk v. Philadelphia Steam Propellor Co., 60 Pa. 109, it was held that the carrier "must take care at his peril that the goods are delivered to the right person, for a delivery to a wrong person renders him clearly responsible though innocently and by mistake." The law is correctly stated in 10 C. J. 262, as follows: "The carrier's duty to deliver to the right person is not affected by the fact that the goods are left uncalled for or are refused by the person entitled to them." We are clear that in the absence of evidence that defendant was authorized to deliver the goods to Black, its letter of October 30th established a failure to deliver to the consignee and required a finding for plaintiff. But, as plaintiff presented no point for binding instructions, we may not enter a judgment for him. The case must go back to the court below for re-trial.

The judgment is reversed and a new trial is awarded.