Dickman *v.* Daniels Motor Freight, Inc.,
Appellant.

Argued October 7, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John F. Naulty,* for appellant.

*Robert S. Hass,* with him *David M. Hass,* for appellees.

OPINION BY GUNTHER, J., January 21, 1958:

This is an action in assumpsit filed by Benjamin Dickman, Lewis Dickman, Joseph Dickman and Jacob Dickman, trading as Columbia Furniture Mfg. Company, appellees, against Daniels Motor Freight, Inc., appellant, common carrier, to recover damages for a loss sustained by reason of misdelivery of certain goods delivered to appellant for carriage and delivery. The case was first heard by Judge GUERIN without a jury who found in favor of appellees, but, upon exceptions, a new trial was granted. The case was then tried before Judge LEVINTHAL without a jury and the court found for the appellant carrier. Exceptions were filed and sustained and judgment was entered for appellees. From this judgment, appellant has filed this appeal challenging the finding and judgment as being inconsistent with the evidence.

The essential facts are not in dispute. Appellees, manufacturers of furniture in Philadelphia, received from their salesman an order from a new and supposedly bona fide customer in Cleveland, Ohio. On June 6, 1953 and on July 7, 1953, appellees shipped by appellant carrier two loads of furniture. Two bills of lading were made up by appellees consigning the goods to "Factory Furniture Co. (outlet store), 3719 Woodland Avenue, Cleveland, Ohio." When appellant's driver arrived in Cleveland he found that there was no such address as 3719 Woodland Avenue, but he did locate a furniture store at 3723 Woodland Avenue which had printed on the window in large letters, "Factory Furniture Outlet", underneath which was

printed in smaller brown letters, "J. & F. Furniture Company". Without consulting appellees, both shipments were delivered to a John Zingale and Tony Maran, 3723 Woodland Avenue.

Before the shipments were consigned, appellees ascertained that there existed a reputable firm by the name of Factory Furniture Company, Inc., but the Dun and Bradstreet credit reference book did not list the address. Actually, this company was located some distance away at 4997 Broadway. The evidence also disclosed that appellees attempted to communicate with J. & F. Furniture Co. for payment of the goods but that their attempts were unsuccessful. In September, 1953, this suspicious company went into bankruptcy. Sometime in May or June, 1954, Columbia Furniture Mfg. Co. also went into bankruptcy and in the schedule of choses in action a claim in the amount of $2467.00 was listed against J. & F. Factory Furniture, 3723 Woodland Avenue, Cleveland, Ohio. A claim against appellant was not filed in the bankruptcy schedule even though a claim was made upon the carrier before any action was commenced against the receiver of the goods.

The record raises a strong inference that the original order for the furniture was placed by a swindler who purposely misrepresented his identity in an effort to obtain the goods on the strength of a reputable name in the city of Cleveland. It is clear, however, that the bills of lading were directed to a definite company at a definite address and that the deliveries were made to an address not shown on the bills of lading and to persons who did not indicate what, if any, connection they had with the company shown on the bills of lading.

A common carrier is under an absolute duty to deliver goods to the person designated in the instructions

of the shipper. If it fails to follow the express instructions of the shipper in making delivery, it acts at its peril and assumes the risk of wrong delivery. If, however, a carrier delivers goods in accordance with erroneous directions of the shipper, it incurs no liability even though the goods are received by a person for whom they were not actually intended. *Wernwag & Dawson v. Phila. W. & B. R. Co.*, 117 Pa. 46, 11 A. 868; *Seibert v. Railway Company*, 15 Pa. Superior Ct. 435; *Wiesen & Co. v. American Railway Express Co., Inc.*, 90 Pa. Superior Ct. 78. That the goods in the present case were not delivered in accordance with the instructions of the shipper is clear; they were delivered to a different company at a different address and to persons whose connection with the firm where delivered were unknown. We are of the opinion that when the driver discovered that the given address was wrong, he should have sought either clarification of his delivery instructions or should have warehoused the goods pending clarification of the consignee. The record indicates that the driver did have his doubts and he resolved that doubt by consulting a person in a nearby store who showed a willingness to receive the goods.

Appellant contends that the failure to list the carrier in the bankruptcy schedule as a chose in action, the listing of J. & F. Furniture Co. for payment and the attempt made to collect from it evidenced an intention to waive appellant's breach of duty. We cannot agree with this contention. The fact that the appellant carrier was not listed as a debtor in the bankruptcy proceedings cannot control liability in the instant proceedings. Furthermore, any attempt to collect from the person to whom the goods were misdelivered cannot be construed as a waiver of the carrier's duty. Any sums so collected, if successful, would inure to the benefit of the carrier thereby reducing the

amount of his liability for damages. This can only be construed as an attempt to mitigate damages and not a waiver.

We believe that the action of the court below was proper and the judgment entered is in accordance with the evidence.

Judgment affirmed.