## Moyer *v.* Pennsylvania Railroad Company; Appellant.

*Carriers—Common carriers—Railroads—Loss of trunk—Warehousing—Bailment.*

After goods have been delivered by a common carrier at its depot, the owner or consignee has a reasonable time within which to remove them, during which the liability of the carrier as an insurer continues. But after the expiration of such reasonable time, the liability of the carrier becomes modified, and it is only bound to exercise ordinary care to secure the safety of the goods. The liability is that of a bailee for hire and grows out of the original contract.

If, after the liability of a carrier as an insurer ceases, goods of a consignee

in its possession are destroyed or damaged, the carrier is only liable in case the loss occurred by reason of its negligence, which is a question of fact which must be proven to the satisfaction of the jury, the burden of proof being upon the party seeking to recover.

Where a trunk arrives at a station early in the morning, and its owner fails to claim it during the day, and it is consequently stored by the railroad company in its baggage room during the night, the company will not be liable for loss caused by a burglar breaking into the station and robbing the trunk, if it appears that the company exercised reasonable and ordinary care in the storage of the trunk.

Argued May 8, 1906. Appeal, No. 121, April T., 1906, by defendant, from order of C. P. Cambria Co., March T., 1904, No. 234, making absolute rule for judgment for want of a sufficient affidavit of defense in case of T. J. Moyer v. Pennsylvania Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Appeal from justice of the peace. Before O'CONNOR, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. W. Storey*, for appellant.—The affidavit of defense was sufficient: Holdridge v. R. R. Co., 56 Barb. (N. Y.) 191; Wald v. R. R. Co., 92 Ky. 645 (18 S. W. Repr. 850); Clark v. R. R. Co., 139 Mass. 423.

The omission of a passenger to call for his baggage until the day following that of his arrival is under ordinary circumstances unreasonable, and the carrier ceases to be liable as such, and is liable only as a warehouseman : Wiegand v. R. R. Co., 75 Fed. Repr. 370; Laffrey v. Grummond, 74 Mich. 186 (41 N. W. Repr. 894); C., R. I. & P. R. R. Co. v. Boyce, 73 Ill. 510; Kansas City, Ft. S. & M. R. R. Co. v. Patten, 3 Kan. App. 338 (45 Pac. Repr. 108).

*Robert E. Cresswell*, with him *George E. Wolfe*, for appellee. —Reasonable time under all the circumstances determines liability: National Line Steamship Co. v. Smart, 107 Pa. 492.

OPINION BY BEAVER, J., October 5, 1906 :

The plaintiff averred in his statement that " On the 5th day of August, 1902, the said plaintiff purchased from the agent of

the defendant company, at its ticket office in Lilly, a ticket, known as a first-class passenger ticket, good for one round trip from their station at Lilly in said county to their station at Atlantic City, and good in return at any time within six months from the date of its issue; and that the ticket entitled the plaintiff to have carried for him by the said railroad company, in cars provided for the purpose, baggage to the value of $100 over the entire route named in the ticket, and the ticket further permitted the holder thereof to stop over between the places named, and for which said ticket the plaintiff paid to the defendant company's agent the full sum of its value."

It is further averred that, on August 11, the plaintiff's trunk, with its contents, was checked by the defendant's baggage agent at Atlantic City to Lilly, Pennsylvania, and that, as " plaintiff is informed and verily believes, the said baggage arrived in good condition at Lilly on the morning of August 12." On the evening of August 13, when he arrived home, he found his trunk at his room, certain of the contents thereof having been removed, and for these, which he alleges were all articles of wearing apparel, he seeks to recover.

The defendant alleges, in its affidavit of defense, that the plaintiff violated one of the conditions upon which his ticket was sold, which did not include the transfer of baggage through the city of Philadelphia; that at the time his baggage was checked at Atlantic City he did not inform the agent there that it was his intention to stop off at Philadelphia and at Altoona, at which places he did stop off, and did not reach Lilly until about 8 : 45 p. m. on August 13, 1902. Further, it is averred that: " The said baggage was safely delivered to the agent at Lilly about 8 : 30 a. m. on August 12, 1902, and it not being called for during the day it was carefully protected until late in the night, when the office was closed. The said baggage was placed in the room for baggage and the doors carefully locked with a strong padlock; that, during the said night, the lock was broken by a burglar, the door opened and the trunk broken open and goods scattered around the room. The agent discovered it on the morning of the thirteenth, and forthwith delivered the said trunk and the contents to the family of the plaintiff, who did not reach Lilly until the late train that evening."

The liability of a common carrier as to goods in general is well set forth in the National Line Steamship Co. v. Smart, 107 Pa. 492, the syllabus of which is:

"After goods have been delivered by a common carrier at its depot, the owner or consignee has a reasonable time within which to remove them, during which the liability of the carrier as an insurer continues. But after the expiration of such reasonable time, the liability of the carrier becomes modified, and it is only bound to exercise ordinary care to secure the safety of the goods. The liability is that of a bailee for hire and grows out of the original contract.

"If, after the liability of a carrier as an insurer ceases, goods of a consignee in its possession are destroyed or damaged, the carrier is only liable in case the loss occurred by reason of its negligence, which is a question of fact which must be proven to the satisfaction of the jury, the burden of proof being upon the party seeking to recover."

Assuming that the baggage of a passenger is subject to the same rules as goods transported by a common carrier, two questions arise in this case for adjudication: 1st, Did the plaintiff apply within a reasonable time for his baggage, and, if not, was the company liable as a carrier or simply as a warehouseman? And 2d, if liable only as a warehouseman, did it exercise ordinary care in the protection of the baggage of the plaintiff? The first question is for the court; the second, if it arises in this case, is for a jury.

Without considering the minor questions which are raised by the affidavit of defense, we are of opinion that the plaintiff did not apply within a reasonable time for his baggage, which was admittedly safely carried by the defendant company and delivered in good condition at its station at Lilly, which was the destination of the plaintiff. The baggage arrived at 8 : 30 in the morning. Not being sent for immediately, it was placed in the baggage room of the defendant, which in the absence of any allegation to the contrary, must be presumed to have been a proper place. The day passed, and late at night, according to the affidavit of defense, the door of the baggage room was secured by a strong padlock. At any time before the closing of the baggage room of the defendant, the plaintiff, or anyone in his behalf, could have claimed and received the said baggage

upon the delivery of his check.   It is not alleged that any claim or application was made for it.   Up until at least ten o'clock at night the baggage was safe and in good condition.   Did the duty of a common carrier continue beyond that time ?   We think not.   The failure to claim the baggage was in no sense due to any fault or negligence on the part of the defendant. If the plaintiff, by his stopping at Philadelphia and Altoona, where he might have had his baggage checked under his ticket and claimed it, by his own act made it impossible for him to have claimed his baggage at the time of its arrival, or during the daytime after its arrival, the fault, if there was any, was his, and it seems to us the responsibility therefor should rest upon him.

In Hutchinson on Carriers, 557, section 707, it is said: " In practice immediate delivery is the rule as to baggage.   The carrier is always desirous to relieve himself of further responsibility by a speedy delivery, and the passenger is generally anxious to come at once into the possession of his baggage as soon as his journey is ended ; and it has been said to be the duty of carriers by railways to have the baggage of their passengers ready for delivery to them immediately upon their arrival at the end of the route, or as soon thereafter as may be, and that there is a corresponding duty on the part of the passenger not to delay unreasonably its acceptance and removal, so as to relieve the carrier as soon as he conveniently can of the responsibility of its custody; and that ' in such cases reasonable time and immediate delivery go hand in hand, and reasonable time cannot extend the delivery to another day or another occasion.' "

The delay of the owner of the baggage to claim and remove it having been unreasonable, the liability of the carrier, as heretofore shown, was changed from that of an insurer to that of a warehouseman, which required of him simply ordinary care.

This gives rise to the second question, Did the defendant exercise reasonable and ordinary care in providing for the plaintiff's baggage ?   This, under the facts, is for the jury, and to that tribunal must be referred.   It follows that judgment should not have been entered for want of a sufficient affidavit of defense.

Judgment reversed, and a procedendo awarded.