# Cunningham *v.* Pennsylvania Railroad Company, Appellant.

*Carriers—Railroad companies—Negligence—Flood—Act of God—Evidence—Case for jury.*

1. In an action against a railroad company to recover for the loss of a carload of cement which was destroyed in a car on a siding, during a flood of exceptional magnitude, the question of the defendant's negligence is for the jury, where the plaintiff shows that the railroad company recognized the danger incident to high waters at the particular locality by elevating a short time before, its main track, although leaving the siding at a three foot lower level; that for forty-eight hours before the destruction of the cement there had been continuous rains; that the defendant had weighted down certain other of its tracks with cars loaded with stone in order to protect them; and that the company had warning from the weather bureau that an exceptional downfall of rain was to be expected.

2. The mere fact of the destruction of property by a flood will not justify a railroad company to which the property has been intrusted, in failing to exercise reasonable care and diligence in order to save it from injury; and this is the case although the bill of lading under which the property was shipped provided that the carrier should not be liable for any loss caused by floods.

3. In such a case the duty on the part of the company to exercise reasonable care in protecting the property is a continuing one as long as the loss is avoidable, and this, independent of the notice to be given to the consignee of the arrival of the freight.

Argued April 22, 1912.   Appeal, No. 158, April T., 1912, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 416, on verdict for plaintiff in case of R. H. Cunningham v. Pennsylvania Railroad Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for the value of a car of cement.   Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court, and in the report of the case in 40 Pa. Superior Ct. 212.

Verdict and judgment for plaintiff for $275.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment non obstante veredicto.

*James R. Miller,* with him *Patterson, Sterrett* and *Acheson,* for appellant.

*Stewart M. Cunningham,* for appellee, cited: Patterson v. Clyde, 67 Pa. 500; Smith v. B. & O. R. R. Co., 223 Pa. 118.

OPINION BY ORLADY, J., July 18, 1912:

The facts of this case, are recited at length at 40 Pa. Superior Ct. 212. The judgment recovered on that trial was reversed solely for the reason that in the charge of the court to the jury, a greater degree of care was exacted of the defendant than is required by the decisions of our courts, and on the trial in the present case that objection was entirely relieved in a charge that was exceptionally fair and clear. The controversy centered around one fact that was zealously urged by the plaintiff and denied by the defendant, and this was submitted to the jury as follows: "Now the question before us is, did the railroad company use reasonable care and diligence? Did they act with promptness? Did it use such care as an ordinary and prudent person would have used under the circumstances?"

The railroad company received at its station a car containing 600 bags of cement, consigned to the plaintiff at Turtle Creek freight station, on March 11 or 12, 1907, and placed it on a track which was specially arranged for carload consignments. The contents of the car were destroyed on March 15, by reason of a flood of exceptionable magnitude.

Item 1 of the uniform bill of lading, under which this consignment was received, provides that "no carrier or party in possession of all or any of the property herein described shall be liable for any loss hereof or damage thereto by causes beyond its control, or by floods or by

fire, etc., and the defense was, that the rise in the water was of such an unusual and extraordinary character as to make it an unforeseen condition, and equivalent as a defense, to an act of God." The mere fact of the destruction of the property by a flood would not justify the company in failing to exercise reasonable care and diligence in order to save it from injury. The plaintiff assumed the burden of proving that this was not a sudden cloudburst or downpour of water and that there was knowledge of no unusual conditions by the railroad company, so that it recognized the danger incident to high waters at this particular place, as it had, but a short time before, elevated its main track to minimize such a risk and by permitting its car-load track to remain at a three-foot lower level. The rain began on March 10, and continued during the days when the consignment arrived on the 11th or 12th and after practically forty-eight hours of cumulative evidence of flood dangers, the plaintiff company weighted down certain of its tracks with cars loaded with stone, to protect them from being washed out. It also had warning from the Weather Bureau that an exceptional downfall of rain was to be expected.

Whether in the light of all the circumstances the defendant used reasonable care and diligence, and acted with such promptness as would be expected from a prudent person under such ominous conditions, was purely a question of fact, and this has been resolved against the company by three juries.

There was considerable of contradiction in the testimony as to the feasibility of transferring this loaded car from its dangerous location to a safer one before the waters reached a high flood stage.

The duty on the part of the company to exercise reasonable care in protecting the property was a continuing one as long as the loss was avoidable, and this, independent of the notice to be given to the consignee of the arrival of the freight. Whether notice was given or not, and even given was disputed, but if given as contended for by the

defendant, they could not abandon the property while it was on their own track if reasonable precaution would save it from destruction.

The only assignment of error being the refusal of the court to enter judgment non obstante veredicto, we overrule it and affirm the judgment.