# Freedman et al., Appellants, *v.* Geo. W. Bush & Sons Co., Inc.

*Common carriers — Delivery on forged order — Negligence — —Bailee—Warehousemen—Burden of proof—Acts of March 11, 1909, P. L. 19, and June 9, 1911, P. L. 838—Act of Congress of Aug. 29, 1916, 39 Stat. 540.*

1. A common carrier must take care at his peril that the goods entrusted to him are delivered to the right person.

2. A delivery to a wrong person, though innocently and by mistake, as when made upon a forged order, renders the carrier responsible.

3. Even if the relation of the carrier, after the goods are landed on his premises, has changed to that of a warehouseman, he may still be liable for a misdelivery on a forged order, if he has in fact been negligent.

4. The burden of proof is on the bailees to prove that the goods were lost without negligence on their part or that of their agents or servants.

5. In determining a carrier's liability for a misdelivery after his status has been changed to that of a warehouseman, consideration should be given to the Act of Congress of August 29, 1916, 39 Stat. 540, sections 9 and 10, and the Pennsylvania Acts of June 9, 1911, P. L. 838, sections 12 and 13, and the Act of March 11, 1909, P. L. 19, sections 9 and 10.

Argued April 23, 1925. Appeal, No. 279, Jan. T., 1925, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., March T., 1923, No. 1230, on verdict for defendant, in case of G. Leon Freedman and William S. Roedelheim Copartners, trading as Freedman-Roedelheim Co., v. George W. Bush & Sons Company, Inc. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit against a common carrier for nondelivery of goods. Before McMICHAEL, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant. Plaintiffs appealed.

*Error assigned* was, inter alia, refusal of plaintiffs' fourth point, quoting record.

*George J. Edwards, Jr.,* with him *David Newman,* for appellants.—It is the duty of a carrier, or other bailee, to deliver the goods to the right party, and defendant's failure to do this rendered it liable to plaintiffs for value of goods: Michigan Cent. R. R. v. Owen, 256 U. S. 427; Eberbach v. Clyde Steamship Co., 74 Pa. Superior Ct. 79; Shenk v. Steam Propeller Co., 60 Pa. 109; Wernwag & Dawson v. P., W. & B. R. R., 117 Pa. 46.

*C. M. Butterworth, Jr.,* for appellee.—Appellant's fourth point for charge was properly declined.

In Pennsylvania, a warehouseman is bound only to the exercise of ordinary care with respect to a delivery of goods: National Line Steamship v. Smart, 107 Pa. 492; Moyer v. R. R., 31 Pa. Superior Ct. 559; Lake Shore & Michigan So. Ry. v. Hodapp, 83 Pa. 22.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

Plaintiffs, consignees of a shipment of merchandise transported by defendant, a common carrier, brought this action to recover the value of the goods which defendant failed to deliver to them. The trial of the case resulted in a verdict and judgment for defendant; plaintiffs appealed.

In the view we take of the record, an elaboration of the facts is not necessary, it being sufficient to say that the merchandise was delivered by defendant to a third person on a forged order therefor. "Whatever doubt may hang over other questions as to the termination of a carrier's *or other bailee's* responsibility, there is one point which is indisputable, that he must take care at his peril that the goods are delivered to the right person, for a delivery to a wrong person renders him clearly responsible......though innocently and by mistake, as

when it is made upon a forged order": Shenk v. Phila. Steam Propeller Co., 60 Pa. 109, SHARSWOOD, J.; Stone v. D., L. & W. R. R. Co., 72 Pa. Superior Ct. 416; Wernwag & Dawson v. P., W. & B. R. R. Co., 117 Pa. 46.

Appellant presented a point for charge in this language: "Admitting, which is the most favorable view which can be taken of their case, that the responsibility of the defendants as a common carrier ceased when the goods were landed at their dock, they would still be liable as bailee unless they have proved that the goods were lost without negligence on their part or that of their agents or servants." The trial judge refused to affirm this point. Much was said at the trial about the changing of defendant's liability from that of common carrier to that of warehouseman, on the ground that delivery was not made until more than forty-eight hours after arrival. The trial judge was greatly impressed with this phase of the case as will appear from the following language of his charge: "It is contended by the defendant, and, after careful consideration, I have come to the conclusion that that is correct, that if, through the negligence of the consignee, the goods are left in the possession of the common carrier, his relationship changes from that of common carrier to that of warehouseman; and I am going to leave it to the jury to say whether the plaintiffs were guilty of neglect...... If you come to the conclusion that plaintiffs did receive notice of the shipment and then neglected and delayed going down to get the goods for, I think it is, fortyeight hours, the liability of the common carrier changes, but you have to consider the testimony very carefully in coming to this conclusion."

In view of this language, we think appellant was entitled to have the jury specifically told that defendant might still be liable for a negligent misdelivery even if its relation had changed to that of warehouseman. It is the contention of appellee that this feature of the case was covered by the judge in his general charge. We

have not been convinced from a reading of it that this would be the impression received by the jury. It is our opinion furthermore that too much emphasis was laid on the plaintiffs' "neglect" in not going for the goods. The important question was whether defendant under the circumstances had absolved itself from having negligently delivered the goods to a third person on a forged order. The fourth point as presented by plaintiffs should have been affirmed.

Since the case is to be tried again attention is called to the fact that there are statutes, Federal and State, bearing upon the general subject of a carrier's liability for misdelivery of goods. If for any reason the defendant company's position at the time of the delivery was that of warehouseman, there is another pertinent statute to be considered. The acts referred to are, first of all since this was an interstate shipment, Act of Congress of August 29, 1916, 39 Stat. 540, sections 9 and 10, which provisions are practically identical with our Uniform Bill of Lading Act of June 9, 1911, P. L. 838, sections 12 and 13; the act regarding delivery by warehousemen is that of March 11, 1909, P. L. 19, sections 9 and 10. These acts were not mentioned at the trial nor do they appear in the briefs submitted to us. It would seem that a consideration of them would have eliminated at least some of the problems which arose on the trial and which may occur on the retrial.

The third assignment of error covering appellants' fourth point is sustained and the judgment is reversed with a new venire.