# Sheehan *v.* American Railway Express Company, Appellant.

*Express companies—Warehousemen—Damage to trunk by fire—Negligence—Proof.*

In an action of assumpsit against an express company to recover for damages to a trunk and its contents, it appeared that the defendant twice offered the trunk for delivery at the address given by the plaintiff. There being no one at home, the trunk was returned to the express office. Notice was left at the house of the attempted deliveries and that the trunk was being held at the owner's risk at the express office. The owner's sister called at the office to inquire for the trunk. When she found the company was unable to make another delivery that day, she made no further effort to remove it. That night it was damaged by a fire in the express company's office. No evidence was offered as to the cause of the fire nor whether it was occasioned by the defendant's neglect. The court charged that a presumption of negligence on the part of the defendant arose by reason of the fire.

Under such circumstances defendant's liability as a carrier having terminated, it was liable only as a warehouseman for ordinary care and its negligence had to be proved; and judgment for the plaintiff will be reversed.

Argued April 13, 1927.    Appeal No. 54, April T., 1927, by defendant from judgment of C. P. Warren County, June T., 1925, No. 8, in the case of George A. Sheehan v. American Railway Express Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Assumpsit for damages to trunk caused by fire. Before AIRD, P. J.

The facts are stated in the opinion of the Superior Court.

The Court charged the jury that a presumption of negligence on the part of the defendant arose by reason of the fire.

Verdict for plaintiff and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and discharge of rule for new trial.

*Earl Macdonald,* for appellant.

*Sidney D. Blackman,* for appellee.

OPINION BY KELLER, J., July 8, 1927:

Plaintiff delivered to defendant a trunk containing clothing, to be carried from New York City to Warren, Pa., and delivered there at 700 Pennsylvania Avenue. He brought this action in assumpsit against defendant for the damages to said trunk and contents caused by a fire occurring in the defendant's office at Warren.

The plaintiff contended that the liability of the defendant was that of a common carrier, and that it was responsible for the damage unless it was shown to have been occasioned by the act of God or public enemy. The defendant, on the other hand, denied any liability except for gross negligence. Neither contention was strictly correct in the circumstances of this case.

By the contract between plaintiff and defendant the latter undertook not only to carry the trunk from New York to Warren but also to deliver it to 700 Pennsylvania Avenue at point of destination. See American Union Exp. Co. v. Robinson, 72 Pa. 274, 278; Union Exp. Co. v. Ohleman, 92 Pa. 323, 326. In this respect the contract differs from the ordinary transportation of goods by freight or the usual carriage of a person's baggage in connection with his conveyance as a passenger of the common carrier. In these latter cases the liability of the carrier continues until the consignee of the freight, or the passenger, as the case may be, has had reasonable time to call for and take away his goods or baggage. But where the carrier is

obligated to make delivery, its liability as carrier continues until it delivers the goods or offers to deliver them at the place of delivery and is unable to make delivery through no fault of its own. If unable to make delivery at the place specified in the contract its liability thereafter is that of a warehouseman and not a common carrier; just as the liability of a carrier for a freight shipment or a passenger's baggage, after the expiration of a reasonable time for the consignee or passenger to call and receive it, is that of a warehouseman and not a carrier: Moyer v. Penna. R. R. Co., 31 Pa. Superior Ct. 559. A warehouseman has always been held liable for ordinary negligence as distinguished from gross negligence: Shenk v. Phila. Steam Propeller Co., 60 Pa. 109, 115; National Line Steamship Co. v. Smart, 107 Pa. 492; Moyer v. Penna. R. R. Co., supra. The Act of March 11, 1909, P. L. 19, Sec. 21, which imposes on a warehouseman the care, in regard to the goods intrusted to him as such, which a reasonably careful owner of similar goods would exercise, has not changed the law in this respect. While it is true that the carriers in Howard Exp. Co. v. Wile, 64 Pa. 201, presented a point, which was affirmed by the court below, that "if the defendants promptly took the package to the place to which it was directed for the purpose of delivery, and no person was present authorized to receive it, the contract of defendants as carriers or forwarders was completed, and after that the defendants were only liable as bailees without hire, viz., for gross negligence," yet the language of the point was not adopted or approved by the Supreme Court, which decided the case in favor of the carrier because there was, in its opinion, no evidence of negligence. And in the later case of National Line Steamship Co. v. Smart, supra, the court, speaking through Mr. Justice TRUNKEY said: "Upon the facts as testified by the plaintiff, it is obvious that

the defendant's responsibility as common carrier ended with the arrangement for keeping the goods until called for by the plaintiff, and thenceforth the liability of the defendant was that of a *bailee for hire.* It was the same as if the passenger had not called for his baggage within a reasonable time. A passenger must be allowed a reasonable time after arrival of his baggage to call for and take it away, and during such time the carrier continues responsible according to the strict rule of law relating to common carriers. When the liability as carrier ceases he holds the baggage under a modified liability. His duty to exercise care over the property remaining in his hands grows out of the original contract, and he is therefore bound to exercise ordinary care in keeping and preserving it,'' (pp. 499-500). And in Walsh v. Adams Exp. Co., 15 Pa. Superior Ct. 292, 295, this court held that where delivery cannot be made by an express company it is bound to use due and reasonable diligence in the care of the article.

It was shown on the part of the defendant that plaintiff's trunk had arrived at Warren on July 7, 1924, too late to be unloaded and delivered in the ordinary course of business that day. The next morning, sometime after ten o'clock, defendant's driver took the trunk and attempted to make delivery at 700 Pennsylvania Avenue, but found no one at home. He attempted to make delivery a second time about three o'clock that afternoon but again finding no one at home he left a written notice addressed to the plaintiff as consignee, stating that he had called with the shipment and that in the absence of the consignee it had been returned to defendant's office where it was held at plaintiff's risk; and directing him to call at the office and present said notice. The plaintiff, in his case in chief, proved that his sister-in-law, Mrs. Henry, who lived at 700 Pennsylvania Avenue, Warren, had

been out of the house on July 8th from about 10:30 A. M. to 3:15 P. M.; that on her return she found the notice referred to and at once telephoned to the express office and asked them to deliver the trunk then, but was informed that it was still on the delivery wagon and had not yet been returned; that about five-thirty that day Mrs. Falconer, another sister of Mrs. Sheehan, called at the express office, was shown the trunk, and asked if it could be delivered that evening, and was told that the company could not deliver it until next morning; and it was proved that during that night there had been a fire in the express company's office, which had done the damage complained of.

It will be noted that neither Mrs. Henry nor Mrs. Falconer came to the express office to receive and take away the trunk, nor did they offer to use any other agency to secure delivery that evening. They were only concerned in securing a delivery by the express company. Hence there is nothing in the evidence that takes the case out of the rule above stated, viz., that the company having attempted to make delivery as directed by its contract and being unable to do so because of the absence of the consignee and his agents from the designated place of delivery, of which due notice was left, its liability thereafter was that of a warehouseman and not a common carrier and it was bound to use only the care which a reasonably careful owner of similar goods would exercise, and was responsible in damages only for neglect of that duty; and such neglect will not be presumed but must be proved: Farnham v. Camden & Amboy R. Co., 55 Pa. 53, 62; Moyer v. Penna. R. Co., supra, p. 562; National Line Steamship Co. v. Smart, supra, p. 502.

This is not a case where goods were lost or damaged in transit; or not delivered at all, (Verner v. Sweitzer, 32 Pa. 208; Shenk v. Phila. Steam Propeller Co., supra; Penn Clothing Co. v. U. S. Express Co., 48

Pa. Superior Ct. 520, 523); or delivered to the wrong person, after being received by the warehouseman. The Act of 1909, supra, sections 9 and 10, prescribes the duty of warehousemen as to delivery of goods entrusted them and their responsibility for a misdelivery and is the basis of the decision in Freedman v. Bush, 284 Pa. 16, 19, relied on by the appellee and the court below. See also Shenk v. Phila. Steam Propeller Co., supra. The plaintiff himself proved the attempted delivery by the defendant and the damage by fire, and offered in evidence defendant's admission that it had a fire on the night of July 8th. Owing to the positions assumed on the trial by plaintiff and defendant, respectively, as above stated, neither gave evidence as to the circumstances or origin of the fire from which it might be determined by the jury whether it was caused or occasioned by the neglect of the defendant or its employees. In all cases cited in the briefs this was done, and on the retrial the known circumstances in connection with the fire should be given; and the jury should then be instructed in accordance with the opinion of the Supreme Court in National Line Steamship Co. v. Smart, supra, "that the defendant is not liable for the loss [or damage] of the goods by fire unless the plaintiff proves, to the satisfaction of the jury, that the fire was occasioned by the neglect of the defendant" p. 502.

The true rule is set forth in the opinion of the court in Farnham v. Camden & Amboy R. Co., supra, p. 61: "Where a bailee accounts for a loss in a way not to implicate himself in a charge of negligence, this is a sufficient defense, unless the plaintiff proves negligence"; and in the last paragraph of the opinion in National Line Steamship Co. v. Smart, supra, p. 502: "The plaintiff rested upon proof of a prima facie right. This was repelled by oral testimony which undoubtedly satisfied the jury that an accidental fire

destroyed the pier and all the goods thereon including the plaintiff's; and if it did, there not being evidence that the fire was caused by the defendant's neglect, the verdict should have been for the defendant. But the fact was for the jury, and therefore the defendant's fifth point [for binding instructions] was properly refused."

We regard it as immaterial that the plaintiff's trunk was not placed in the room for the safe keeping of valuable packages: (1) Because the trunk admittedly contained clothing, not valuables; (2) because the fire extended into that room and there is nothing to show the trunk would not have been damaged there. The refusal to grant a compulsory non-suit is not assignable as error: Carroll v. Hannan, 289 Pa. 65, 67.

The second, third, fourth and twelfth assignments of error are sustained and the judgment is reversed with a venire facias de novo.