GROVER–FERGUSON COMPANY, INC.,
a corporation,

v.

A/S IVARANS REDERI (Ivaran Lines),
a corporation, and Stockard Shipping
& Terminal Co., a corporation.

Civ. A. No. 21103.

United States District Court
E. D. Pennsylvania.

March 26, 1959.

James F. Young, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

William R. Deasey, Kelly, Deasey & Scanlon, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This case involves a claim for damage to 51 bales of goat hair owned by plaintiff. The hair was purchased in Buenos Aires, Argentina, and shipped on board defendant's (Ivaran Lines) vessel, SS. "Montevideo." On July 29, 1955 the cargo was discharged at Pier 9, North Wharves, which was operated by defendant, Stockard Shipping & Terminal Co., (hereafter Stockard). When plaintiff took delivery of the goods on August 26, 1955, the hair was found to be partially damaged by water, for which damage this suit was brought.

When the goods were shipped from Buenos Aires, a clean bill of lading was issued and upon discharge of the cargo, no exceptions were noted, which

means that the cargo was damaged while at Stockard's pier. Plaintiff was notified of the arrival of the cargo and thereafter, according to the custom of the trade in Philadelphia, five days' free time is given to the consignee to make the necessary preparations for the removal of the cargo, such as customs clearance and payment of the bill of lading. Since Saturdays and Sundays are excluded from the computation, the free time expired on August 5, 1955. Thereafter Stockard assessed a charge called "wharf demurrage" on the cargo. Under these circumstances, Stockard became a bailee for hire and was under a duty to exercise ordinary care with respect to the goods. Sheehan v. American Railway Express Company, 1927, 91 Pa.Super. 71; National Line Steamship Company v. Smart, 1884, 107 Pa. 492.

On Saturday, August 13, 1955, as a result of Hurricane Connie, there were unusually high tides on the Delaware River. This caused the water level to rise nine-tenths of a foot (10.8 inches) above the pier level at Pier 9, resulting in the wetting of the 51 bales of hair.

■ Stockard contends that the damage was caused by an act of God, which of itself would be a complete defense. However, if the damage results from the concurrence of defendant's negligence with an act of God and the damage would not have occurred in the absence of such negligence, then the defendant would be liable. Cunningham v. Pennsylvania Railroad Company, 1912, 50 Pa.Super. 609; Carlson v. A. & P. Corrugated Box Corporation, 1950, 364 Pa. 216, 72 A.2d 290. Stockard had been alerted by the Coast Guard of the approaching hurricane and plaintiff contends that Stockard did not exercise reasonable care to prevent damage to the hair after such knowledge. Plaintiff also contends that Stockard was negligent in failing to notify it on Monday, August 15 (10 days after expiration of free time) of the damage to the hair by the inundating water.

Defendant, Stockard, attempted to show through its Pier Superintendent, that it took adequate precaution to prevent damage to cargo stored on the pier by placing it on pallets and moving it to the center of the pier where it was placed in tiers. The use of pallets would have raised the cargo anywhere from four to twelve inches above the floor, depending on how many were used. Unfortunately only the packaged cargo was placed on pallets and not the goat hair. Stockard attempted to explain this by saying they had no more pallets but admitted that they made no effort to secure additional pallets.

On the question of whether the cargo was moved to the center of the pier, the evidence showed that it was in the same location when it was picked up as where it was placed when discharged from the ship. Further it was standing wet side down which would seem to negative the contention of the defendant, Stockard, that the bales were turned over to dry. The same defendant also claimed that the bales were tiered so that possibly only one-fourth or one-half would have become wet. However, when the bales were picked up, all 51 were discovered to be wet about ten inches from the bottom. This last factor, when coupled with the other testimony, indicates that the hair was not tiered and that said defendant was negligent in failing to take steps to prevent damage to the hair.

Plaintiff testified that had it received notice immediately after the initial wetting, little or no damage would have been caused to the goat hair; that it could have been picked up and scoured promptly, thus keeping any damage to a minimum; that it was the heat generated by the wetting over a period of time that caused the damage. While the above discussion of the lack of precautions taken with the cargo might seem unnecessary, it bears on the tenor of the entire case, since a question of credibility is involved on the issue of whether due care was taken.

■ The entire conduct of Stockard indicates a lack of due care on its part. Therefore, the Court finds that the defendant, Stockard, was guilty of negligence in the following respects: (1) that it failed to protect the hair by storing it

**768**

on pallets like other cargo or in a protected area on the pier; (2) that it failed to pile the bags containing the hair in tiers, thus exposing the entire shipment to water damage; (3) that it failed to give prompt notice to plaintiff of the damage by water to the hair.

The only remaining issue in this case is the attempt of plaintiff to hold Ivaran Lines liable on the theory of agency. Granting that Stockard was Ivaran's agent initially, there was no showing that the agency continued after the "free time" had elapsed on August 5, 1955. From that time on the obligations of Stockard as bailee for hire became essentially those of a warehouseman. Ivaran Lines discharged the cargo on July 29, 1955 in good condition and notified plaintiff of its arrival. The cargo was then placed under the care and custody of Stockard and any agency relationship between Stockard and Ivaran that existed terminated after the expiration of the free time. Therefore, defendant, Ivaran Lines, is not liable.

The above opinion constitutes the Court's findings of fact and conclusions of law. Fed.Rules Civ.Proc. Rule 52(a), 28 U.S.C.A.

Counsel shall submit an appropriate form of Order.